**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 18-cv-4923 |
| v. | ) ) | Judge |
| RAMM INVESTMENT COMPANY, LLC, a Missouri limited liability company; and ARMM INVESTMENT COMPANY, LLP, a Kansas limited liability partnership, | ) ) ) ) ) | Magistrate Judge |
| *Defendants.* | ) ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendants, allege as follows:

## JURISDICTION AND VENUE

1.     This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3.     Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest

Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4.     The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.     Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6.     Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.     Defendant RAMM Investment Company, LLC ("RAMM") is a limited liability company organized under the laws of the State of Missouri.

8.     Defendant ARMM Investment Company, LLP ("ARMM") is a limited liability partnership organized under the laws of the State of Kansas.

## CLAIM FOR RELIEF

9.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     On or about April 13, 2016, five or fewer individuals (i.e., Andrew L. Brown, Robert G. Brown, Mary A. Brown and Susan B. Jones, collectively the "Brown Principals")

directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of non-party Mid-States Supply Company, Inc. ("Mid-States").

11.     On or about April 13, 2016, the Brown Principals directly or indirectly owned at least 80% of the ownership interests of RAMM.

12.     On or about April 13, 2016, the Brown Principals directly or indirectly owned at least 80% of the profits interest or capital interests of ARMM.

13.     On or about April 13, 2016, Mid-States, RAMM and ARMM were a group of trades or businesses under common control (the "Mid-States Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

14.     The Mid-States Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

15.     During all relevant times, Mid-States was bound by a collective bargaining agreement with a certain local union affiliated with the International Brotherhood of Teamsters under which Mid-States was required to make contributions to the Pension Fund on behalf of certain of its employees.

16.     On February 7, 2016, Mid-States filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri in a case styled *In re Mid-States Supply Company, Inc.*, Case Number 16-40271-can11 (the "Mid-States Bankruptcy").

17.     The Pension Fund determined that on or about April 13, 2016, the Mid-States Controlled Group permanently ceased to have an obligation to contribute to the

Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "Withdrawal").

18.     As a result of the Withdrawal, the Pension Fund determined that the Mid-States Controlled Group incurred withdrawal liability to the Pension Fund and proceeded to calculate the amount pursuant to section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

19.     Initially, the Pension Fund was only able to estimate the amount of the Mid-States Controlled Group's withdrawal liability because the Pension Fund's actuary had not yet completed the valuation of the Pension Fund's unfunded vested benefits through December 31, 2015. Therefore, on April 26, 2016, the Pension Fund filed a proof of claim (Claim No. 147) in the Mid-States Bankruptcy in the amount of $2,883,860.47, which amount reflected an estimate of the Mid-States Controlled Group's withdrawal liability based upon a complete withdrawal in 2015. Shortly thereafter, on May 3, 2016, the Pension Fund filed an amendment to Claim No. 147 in the amount of $2,879,311.91, which amount reflected an estimate based upon a complete withdrawal in 2016.

20.     On January 20, 2017, the Pension Fund filed a second amendment to Claim No. 147 in the principal amount of $3,623,709.07, which amount reflected the Pension Fund's final calculation of the Mid-States Controlled Group's withdrawal liability (the "Withdrawal Liability"), as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

21.     On or about July 19, 2017, the Mid-States Controlled Group, through Andrew L. Brown and Robert G. Brown (two of the Brown Principals), received a letter from the Pension Fund sent pursuant to section 4219(a) of ERISA, 29 U.S.C. § 1399(a)

(the "1399(a) Letter"). The 1399(a) Letter reiterated that the Mid-States Controlled Group had incurred the Withdrawal Liability and requested production of certain information and documents to assist the Pension Fund in identifying entities that are jointly and severally liable to the Pension Fund for the Withdrawal Liability.

22.    On or about August 17, 2017 and October 17, 2017, the Pension Fund received information responsive to the 1399(a) Letter from Andrew L. Brown and Robert G. Brown, through counsel, and with respect to both RAMM and ARMM.

23.    By the filing of Claim No. 147 in the Mid-States Bankruptcy and the receipt of the 1399(a) Letter, the Mid-States Controlled Group, through Mid-States and/or one or more of the Brown Principals, had received notice and a demand for payment of the Withdrawal Liability in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1) by no later than July 19, 2017.

24.    The Mid-States Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund became due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

25.    The Mid-States Controlled Group failed to remit any portion of the Withdrawal Liability to the Pension Fund.

26.    RAMM and ARMM, as members of the Mid-States Controlled Group, are jointly and severally liable to the Pension Fund for the Withdrawal Liability.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., as Trustee, request the following relief:

(a)     A judgment against Defendants, RAMM Investment Company, LLC and ARMM Investment Company, LLP, jointly and severally, and in favor of Plaintiffs pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

        (i)     $3,623,709.07 in withdrawal liability;

        (ii)     interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

        (iii)     an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

        (iv)     attorneys' fees and costs.

(b)     Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)     Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Brandon A. Buyers*
Brandon A. Buyers (ARDC # 6312454)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018
847-939-2464
bbuyers@centralstatesfunds.org

July 19, 2018                              *ATTORNEY FOR PLAINTIFFS*